UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RUBEN MANCILLAS,                               )
                                               )
                       Petitioner,             )
                                               )
               v.                              )        No. 1:21-cv-00119-JRS-TAB
                                               )
UNITED STATES OF AMERICA,                      )
                                               )
                       Respondent.             )

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255,**
**Denying Related Motions,**
**and Denying Certificate of Appealability**

For the reasons explained in this Order, Ruben Mancillas's motion for relief pursuant to 28

U.S.C. § 2255 must be **denied** and the action **dismissed with prejudice**. In addition, the Court

finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343

(1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United*

1

*States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual and Procedural Background

### A. Events on August 4, 2015[1]

Mr. Mancillas and his girlfriend had an argument in their home on August 4, 2015. Their neighbor, Donna Little, called police when she looked out her back door and saw Mr. Mancillas outside wielding a gun. Mr. Mancillas ran into a wooded area behind his home when police officers arrived, but they promptly detained him. Once Mr. Mancillas was detained, police officers discovered ammunition in Mr. Mancillas's pocket, near the backdoor of his home, and in a duffle bag belonging to Mr. Mancillas that was recovered from the wooded area behind his home. Police officers did not find a gun.

### B. Criminal Charges

Mr. Mancillas was initially charged in state court in case number 49G14-1508-F6-027875. *See* mycase.IN.gov, Summary-MyCase, *available at* www.public.courts.in.gov/mycase#/vw/Search (last visited March 31, 2021). The charges included criminal recklessness committed with a deadly weapon, battery against a public safety officer, public intoxication, criminal mischief, and disorderly conduct. *Id.* In February 2016, the state court granted the State of Indiana's motion to dismiss all of the charges and entered judgment. *Id.*

Shortly before the State of Indiana moved to dismiss Mr. Mancillas's state charges, Mr. Mancillas was indicted in this Court and charged with two counts of felon in possession of ammunition. *United States v. Mancillas*, 1:16-cr-00020-JRS-DML-1 ("Crim. Dkt."), dkt. 1. A jury

---

[1] Unless otherwise noted, the facts in this section come from the Seventh Circuit's opinion resolving Mr. Mancillas's direct appeal. *See United States v. Mancillas*, 880 F.3d 297 (7th Cir. 2018). Mr. Mancillas disputes several of these facts, and those disputes will be discussed when addressing the merits of Mr. Mancillas's arguments.

trial was held in September 2016, Crim. Dkts. 59, 61, and the jury convicted Mr. Mancillas on both counts, Crim. Dkt. 63.

A sentencing hearing was held in January 2017, Crim. Dkt. 76, and the Court sentenced Mr. Mancillas to an aggregate term of 100 months' imprisonment, Crim. Dkt. 77 at 2. The Court also imposed a three-year term of supervised release. *Id.* at 3.

Mr. Mancillas appealed and challenged only his sentence. *See Mancillas*, 880 F.3d at 299. The Seventh Circuit vacated his sentence and remanded to this Court for resentencing. *Id.* at 302. The Court conducted a resentencing hearing in December 2018, Crim. Dkt. 136, and imposed the same sentence, Crim. Dkt. 137. In the appeal filed after his resentencing, Mr. Mancillas asserted challenges to his conviction. *United States v. Mancillas*, 789 F. App'x 549 (7th Cir. 2020). None of his challenges were successful. *Id.*

### C. Post-Conviction Proceedings

Mr. Mancillas filed his first § 2255 motion in September 2018, before he was resentenced. Crim. Dkt. 125. This motion was dismissed as prematurely filed. Crim. Dkt. 150.

Almost exactly one year after the Seventh Circuit affirmed Mr. Mancillas's conviction and sentence after his second appeal, Mr. Mancillas filed the § 2255 motion presently before the Court. He has also filed (1) a motion for leave to conduct discovery, dkt. 11; (2) a motion to take judicial notice, dkt. 23; (3) a motion for evidentiary hearing, dkt. 24; (4) a motion to compel respondent to furnish transcripts, dkt. 25; and (5) a motion to hold one of his attorneys in contempt, dkt. 26.

### III. Discussion

Mr. Mancillas raises several issues in his § 2255 motion: (1) he was subjected to an unlawful search and seizure; (2) he received ineffective assistance from both trial and appellate counsel; (3) his due process rights were violated when the government knowingly elicited false

testimony; and (4) the government lacked jurisdiction to prosecute him. *See* dkt. 1 at 14-18; dkt. 12 at 2-7. These arguments will be addressed in turn.

### A. Unlawful Search and Seizure

Mr. Mancillas asserts a stand-alone claim that police officers violated his Fourth Amendment rights by unlawfully entering his home to seize and search him. Dkt. 1 at 14-15. He cannot proceed on this claim, however, because he could have—but did not—present such an argument at trial or on direct appeal. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal."). However, the Court will examine this argument through another lens: Mr. Mancillas's argument that trial counsel was ineffective for failing to "challenge [his] arrest in violation of the [Fourth] Amendment" and for failing to file a motion to suppress. Dkt. 1 at 16-18.

### B. Ineffective Assistance of Counsel

Mr. Mancillas highlights several alleged errors by trial and appellate counsel that he believes amount to constitutionally ineffective assistance. Dkt. 1 at 16-18. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances, counsel's performance

4

was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

### 1. Failure to Confer

Mr. Mancillas first alleges that trial counsel was ineffective because he did not confer with Mr. Mancillas "on his claims of constitutional rights violations." Dkt. 1 at 16. Although Mr. Mancillas lists all the ways he presented the alleged constitutional violations to trial counsel, *see id.*, he does not explain to the Court what "constitutional rights violations" he thinks trial counsel should have presented. Without more information about which of Mr. Mancillas's constitutional rights were violated and how trial counsel's failure to confer with Mr. Mancillas about these alleged violations prejudiced Mr. Mancillas, the Court cannot evaluate the merits of this argument. Mr. Mancillas has not met his burden of establishing either deficient performance or prejudice with respect to this argument. *See Resnick*, 7 F.4th at 619 (recognizing that a petitioner "must make two showings" to establish ineffective assistance of counsel).

### 2. Failure to Investigate

Mr. Mancillas next alleges that trial counsel provided constitutionally ineffective assistance because he "failed to conduct a meaningful investigation." Dkt. 1 at 16. He identifies the following errors: (1) failure to seek potential defense witnesses; (2) failure to "investigate the search warrant affidavit's investigation;" (3) failure to review the two 911 calls with Mr. Mancillas; (4) failure to investigate why certain witnesses were not disclosed in the government's initial witness list; (5) failure to elicit potential defenses from Mr. Mancillas; (6) failure to discover possible avenues for witness impeachment; (7) failure to "make use of ample contradicting and

inconsistent legal documents;" and (8) failure to discover state court records and the final disposition of that case. Dkt. 1 at 16-18.

"[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (cleaned up). Vague or conclusory allegations as to what the investigation would have produced are not sufficient to establish ineffective assistance. *Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017).

First, Mr. Mancillas has not established that he was prejudiced by counsel's failure to pursue potential defense witnesses. The Court assumes that Mr. Mancillas bases this claim on the affidavits of Richard Bane and Kimberly Hodges submitted with his § 2255 motion. *See* dkt. 1-2 at 1-2. Any failure to pursue these defense witnesses did not prejudice Mr. Mancillas as the information in their affidavits was not material to Mr. Mancillas's possession of ammunition. Mr. Bane's affidavit pertains to an interaction he had with law enforcement officers in October 2015, two months after Mr. Mancillas's arrest. Dkt. 1-2 at 1. His statement that he had never seen Mr. Mancillas with a gun is not relevant because there is no indication that Mr. Bane witnessed the incident on August 4, 2015. *See id.* Similarly, the statements in Ms. Hodges's affidavit that Mr. Mancillas did not damage her car, that the neighbors "may be fabricating information about Mr. Mancillas," and that she "was not aware of any gunshots fired by [Mr. Mancillas] or anyone else around his house" are immaterial. *See* dkt. 1-2 at 2. Ms. Hodges did not directly state that the neighbors were being untruthful about Mr. Mancillas's behavior, and her statement that she was "not aware of gunshots" fired by Mr. Mancillas does not support a conclusion that he did not fire

a gun, much less that he did not possess ammunition. There is not a reasonable probability that the result would have been different had counsel sought testimony from these witnesses.

Next, Mr. Mancillas has not provided sufficiently precise information to establish that he is entitled to relief on his claims that counsel was constitutionally ineffective for failing to "investigate the search warrant affidavit's investigation," review the 911 calls with Mr. Mancillas, and investigate the differences between the government's witness lists. *See* dkt. 1 at 16-17. Mr. Mancillas does not explain which search warrant affidavit investigation counsel should have investigated.[2] Nor does he explain what information would have been produced had counsel reviewed the 911 calls with Mr. Mancillas or investigated the reasons for the differences between the government's witness lists. A failure to allege what an investigation would have produced is a failure to allege facts that would entitle Mr. Mancillas to relief. *See Long*, 847 F.3d at 922.

Similarly, Mr. Mancillas has not established that he was prejudiced by counsel's alleged failure to elicit potential defenses from Mr. Mancillas, to discover possible avenues for witness impeachment, and to make use of contradictory legal documents, which contradictions are based on inconsequential factual differences that did not prejudice Mr. Mancillas. He has not explained what additional defenses he would have presented to counsel, what information could have been used to impeach witnesses, what witnesses could have been impeached, and how investigating the allegedly contradictory legal documents would have helped his defense.[3]

---

[2] Mr. Mancillas submitted three search warrant affidavits as exhibits to his § 2255 motion. *See* dkt. 1-2 at 6-8, dkt. 1-2 at 9-12, *and* dkt. 1-2 at 12-14.

[3] To the extent Mr. Mancillas asserts facts different than what the police officers and Ms. Little testified to at trial, *see* dkt. 9, and contends that his version of the facts could have been used to impeach witnesses, his uncorroborated version of events is not sufficient to create a reasonable probability that the result of his trial would have been different.

Finally, Mr. Mancillas has not established that he was prejudiced by any failure to discover state court records and determine the final disposition of that case. As noted above, the State of Indiana moved to dismiss the criminal charges in state court shortly after Mr. Mancillas was indicted in federal court. *See* mycase.IN.gov, Summary-MyCase, *available at* www.public.courts.in.gov/mycase#/vw/Search (last visited March 31, 2021). Mr. Mancillas has not adequately explained how investigating the records related to that dismissal would have impacted his prosecution in federal court.

### 3. Failure to File Motion to Suppress and Challenge Tainted Evidence

Mr. Mancillas contends that counsel should have filed a motion to suppress and objected "to the introduction of tainted evidence" at trial. Dkt. 1 at 18. He asserts that the police officers violated his Fourth Amendment rights by entering his home without a search warrant and proceeding to seize and search him without a warrant. *See* dkt. 1 at 14-16; dkt. 9. When counsel's "alleged deficiency is based on [a] failure to move to suppress evidence, a defendant must prove the motion was meritorious." *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021).

Here, Mr. Mancillas has not shown that a motion to suppress would have been meritorious. His claim that police officers violated his Fourth Amendment rights is based on a version of events that differs significantly from the evidence presented at trial. At trial, Officer Kasper, Donna Little, and Officer Perkins all testified that Mr. Mancillas was outside when he was taken into custody. Crim. Dkt. 104 at 32-33, 62-63, 70, 98-99. In contrast, Mr. Mancillas alleges that he was inside his home when he was taken into custody. *See* dkt. 9 at 1. He has presented no additional evidence to corroborate his claim. Because Mr. Mancillas has not presented evidence to support his version of events and because there are three other witnesses whose accounts corroborate each other and contradict Mr. Mancillas, Mr. Mancillas has not met his burden of showing that a motion to

suppress would have been meritorious. Consequently, his claim of ineffective assistance of counsel based on a failure to file a motion to suppress fails, and his related claim of failure to object to tainted evidence also fails.

### 4. Failure to Move for Mistrial

Mr. Mancillas next alleges that counsel provided ineffective assistance when he failed to move for a mistrial on the basis that the jury saw Mr. Mancillas wearing shackles on his feet and saw a law enforcement officer handcuffing Mr. Mancillas. Dkt. 1 at 18. "Consistent with the presumption of innocence, a defendant has a right to appear in front of a jury free from physical restraints, as such restraints pose a danger, *inter alia*, that the jury will view the defendant as both dangerous and guilty. *United States v. Bell*, 819 F.3d 310, 321-22 (7th Cir. 2016). This is not an absolute right, however, and restraints may be used when "necessary to maintain physical security in the courtroom, to prevent escape, or to preserve courtroom decorum." *Id.* at 322.

The Court understands Mr. Mancillas to argue that the jury saw him in shackles and handcuffed during closing argument because Mr. Mancillas argues that "there were other possible remedies to deter [his] outbursts." Dkt. 1 at 18. However, the Court must first "resolve whether [Mr. Mancillas] has directed this Court's attention to facts that will serve to establish that he in fact did wear shackles in the presence of the jury." *Fountain v. United States*, 211 F.3d 429, 434-35 (7th Cir. 2000).

Mr. Mancillas has pointed to no such facts. There is no indication in the record that the government asked for Mr. Mancillas to be restrained during trial, and the transcript reflects that he held up his arms during his outbursts. *See* Crim. Dkt. 105 at 36. As was the case in *Fountain*, 211 F.3d at 435, "the absence of any direct or indirect evidence of [his] shackles in the trial transcripts," as well as the delay in raising this issue, "strongly suggests the absence of his shackling." Mr.

Mancillas has failed to establish that counsel provided constitutionally ineffective assistance by failing to move for a mistrial on the basis that the jury saw Mr. Mancillas wearing shackles.

### 5. Appellate Counsel

In his final claim of ineffective assistance, Mr. Mancillas challenges appellate counsel's failure to assert a Fourth Amendment claim and to assert ineffective assistance of counsel claims. Dkt. 1 at 18. "[W]here an ineffective assistance of counsel claim is based on an attorney's failure to raise a viable issue on appeal, [the Court] must first analyze the trial court record to determine whether the defendant's appellate attorney, in fact, ignored significant and obvious issues." *Blake v. United States*, 723 F.3d 870, 888 (7th Cir. 2013).

The issues highlighted by Mr. Mancillas—a Fourth Amendment challenge and a Sixth Amendment challenge—were not significant and obvious issues that appellate counsel ignored. First, it is unclear what Fourth Amendment challenge Mr. Mancillas wanted appellate counsel to raise. He references a "wrongful conviction and sentence," dkt. 1 at 18, but he does not provide any other information. With respect to his allegation that appellate counsel should have raised claims of ineffective assistance of trial counsel, "[r]aising an ineffective-assistance claim on direct appeal is almost always imprudent" because the record is "unlikely to show conclusively whether a lawyer's representation was inadequate and had an effect on the outcome of the litigation." *United States v. Cates*, 950 F.3d 453, 456-57 (7th Cir. 2020). Mr. Mancillas has not demonstrated that his was the rare case where it would have been better to raise claims of ineffective assistance on direct appeal. In fact, he does not specify what ineffective assistance of counsel claims should have been presented.

Although Mr. Mancillas alleges that trial and appellate counsel committed several errors, he has not carried his burden of demonstrating that any of these errors amount to constitutionally ineffective assistance. He is not entitled to habeas relief on this basis.

### C. Procedurally Defaulted Claims

Mr. Mancillas presents his last two claims in his amended § 2255 motion. Dkt. 12. He argues that the government violated his due process rights by knowingly eliciting false testimony and that the government lacked subject-matter jurisdiction over his prosecution. *Id.* The government argues in response that Mr. Mancillas procedurally defaulted these claims by failing to raise them on direct appeal. Dkt. 19 at 37-47. Mr. Mancillas did not respond to the government's procedural default argument in his reply. *See* dkt. 22.

"A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy*, 815 F.3d at 295. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Id.*

Here, Mr. Mancillas has made no attempt to show either actual innocence or cause and prejudice to excuse his procedural default. Additionally, the record contains no evidence to support a finding of either actual innocence or cause and prejudice. Consequently, the Court will not consider these claims.

### IV. Related Motions

Mr. Mancillas has filed several motions in addition to his § 2255 motion. He seeks leave to conduct discovery, dkt. 11; asks the Court to take judicial notice of certain facts, dkt. 23; requests

an evidentiary hearing on his § 2255 motion, dkt. 24; wants a motion to compel the respondent to furnish transcripts, dkt. 25; and asks the Court to hold his trial counsel in contempt, dkt. 26.

First, Mr. Mancillas's motion to conduct discovery, dkt. [11], is **denied**. Rule 6(a) of the Rules Governing Section 2255 Proceedings allows a petitioner to conduct discovery in a habeas proceeding upon a showing of "good cause." *See also Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* As explained above, Mr. Mancillas has not submitted specific allegations to show that he may be able to demonstrate that he is entitled to habeas relief.

His motion for judicial notice, dkt. [23], is also **denied**. Under Federal Rule of Evidence 201, a court may take judicial notice of a fact only if it is one that "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Mr. Mancillas wants the Court to take judicial notice of: (1) a photograph of the area near his arrest; (2) a CAD detail transcript report; (3) trial counsel's pretrial notes; and (4) unspecified records from a state court proceeding. Dkt. 23. The Court will not take judicial notice of the first three items listed because they are not generally known, nor can they be accurately and readily determined from reliable sources. *See* Fed. R. Evid. 201(b). The Court will not take judicial notice of the state court records because Mr. Mancillas does not specifically identify which records he wants the Court to notice.

Mr. Mancillas's motion for evidentiary hearing, dkt. [24], is **denied**. An evidentiary hearing is not required "if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Martin v. United States*, 789 F.3d 703,

706 (7th Cir. 2015). As explained above, the record conclusively establishes that Mr. Mancillas is not entitled to habeas relief. Thus, an evidentiary hearing is not warranted.

Mr. Mancillas's motion to compel, dkt. [25], is also **denied**. Mr. Mancillas argues that the government must provide transcripts of prior state proceedings under Rule 5 of the Rules Governing Section 2255 Proceedings. Dkt. 25 at 1. However, the "prior proceedings" referred to in Rule 5(c) refer to "any other federal remedies, including any prior post-conviction motions under these rules or any previous rules." Rule 5(b) of the Rules Governing Section 2255 Proceedings. The transcripts Mr. Mancillas requests are from state criminal proceedings, not federal post-conviction proceedings. Additionally, as explained above, Mr. Mancillas has not established good cause to conduct discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

Finally, the motion to hold attorney Michael Donahoe in contempt, dkt. [26], is **denied**. Mr. Mancillas seeks to hold Mr. Donahoe in contempt for failing to follow a Court Order, but the Court has not issued an Order directed to Mr. Donahoe in this matter.

### V. Conclusion

For the reasons explained in this Order, Mr. Mancillas is not entitled to relief on his § 2255 motion. He did not receive ineffective assistance of counsel, and he procedurally defaulted his other claims. His motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**.

Additionally, the motion for leave to conduct discovery, dkt. [11], is **denied**. The motion to take judicial notice, dkt. [23], is **denied**. The motion for evidentiary hearing, dkt. [24], is **denied**. The motion to compel, dkt. [25], is **denied**, and the motion to hold attorney Michael Donahoe in contempt, dkt. [26], is **denied**.

Judgment consistent with this Order shall now issue and the clerk shall **docket a copy of this Order in No. 1:16-cr-00020-JRS-DML-1**. The motion to vacate, Crim. Dkt. [169], shall also be terminated in the underlying criminal action.

### VI.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Mancillas has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/1/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RUBEN MANCILLAS
15051-028
LEE - USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263


Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
nick.linder@usdoj.gov